IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO.  04-42060-H4-7 |
| EVERETT LAWLEY, III | § | |
| | § | |
| Debtor | § | Chapter 7 |
| | § | |

| | | |
|---|---|---|
| DAVID ASKANASE, TRUSTEE | § | |
|    Plaintiff | § | |
| | § | |
| V. | § | Adversary No. 05-03296 |
| | § | |
| EVERETT LAWLEY, III | § | |
|    Defendant | | |

**MEMORANDUM OPINION**
**DENYING THE DEFENDANT/DEBTOR'S MOTION FOR REHEARING**

### I.      INTRODUCTION

David Askanase, the Chapter 7 Trustee in the above referenced case (the Trustee), objected to the discharge of Everett Lawley, III, the Defendant in the above referenced adversary proceeding and the Debtor in the above referenced case (the Debtor).  A two-day trial was held on March 27-28, 2006; the Court took the matter under advisement; and on April 6, 2006, the Court issued oral findings of fact and conclusions of law from the bench and held that the Debtor would not receive a discharge.  On April 18, 2006, the Court signed, and the Clerk entered on the docket, an Order Denying Discharge [Case No. 04-42060, Docket No. 45; Adversary No. 05-03296, Docket No. 51].  On April 28, 2006, the Debtor filed a Motion for Rehearing [Adversary No. 05-03296, Docket No. 53].  On May 9, 2006, the Trustee filed a Response opposing the Debtor's Motion for Rehearing [Adversary No. 05-03296, Docket Nos. 54 and 55].  On June 7,

2006, the Debtor filed a Reply to the Trustee's Response [Adversary No. 05-03296, Docket No. 62]. The purpose of this Memorandum Opinion is to set forth why this Court will deny the Debtor's Motion for Rehearing.

The Court makes the following Findings of Fact and Conclusions of Law under Federal Rule of Civil Procedure 52 as incorporated into Federal Rule of Bankruptcy Procedure 7052.  To the extent that any Finding of Fact is construed to be a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law is construed to be a Finding of Fact, it is adopted as such. The Court reserves the right to make any additional Findings and Conclusions as may be necessary or as requested by any party.

## II.     FINDINGS OF FACT

The facts, either as stipulated to or admitted by counsel of record, or as admitted in the briefs and filings, or as adduced from testimony at trial on the merits of the Trustee's Objection to Discharge, in chronological order, are as follows:

1.     The Debtor founded El Tres Exploration, Inc. (El Tres) in 1986.  [Adversary No. 04-42060, Docket No. 1, p. 3.]

2.     The Debtor was the 100% owner of El Tres.

3.     The corporate charter of El Tres was forfeited on August 23, 2003 for failure to pay franchise taxes.

4.     The Debtor filed a Chapter 7 petition on August 26, 2004.  [Case No. 04-42060, Docket No. 1.]

5.     On September 14, 2004, the Debtor filed his original Schedules. [Case No. 04-42060, Docket No. 6.]

6.      On November 5, 2004 the Debtor filed his amended Schedules. [Case No. 04-42060, Docket No. 18.]

7.      The Debtor did not list the assets of El Tres on his original Schedules nor did he list these assets on his amended Schedules.[1]

8.      On April 29, 2005, the Trustee filed an Objection to Discharge. [Adversary No. 05-03296, Docket No. 1.]

9.      On March 27-28, 2006, a trial was held on the Trustee's Objection to Discharge. The Court took the matter of advisement.

10.      After extensive review and consideration of the pleadings, testimony, oral arguments, and exhibits, this Court, on April 6, 2006, made oral findings of fact and conclusions of law on the record and announced that the Debtor would not receive his discharge. On April 18, 2006, the Court signed an Order Denying Discharge based on its Findings of Fact and Conclusions of Law pursuant to 11 U.S.C. §§ 727 (a)(2), (a)(3), and (a)(4). [Case No. 04-42060, Docket No. 45; Adversary No. 05-03296, Docket No. 51.] The Court concluded, among other conclusions, that the Debtor should have listed the assets of El Tres on his original and amended Schedules because the Debtor had a beneficial interest in the corporation in the wake of the forfeiture of its charter. The Court also concluded that the Debtor had recklessly disregarded his duties as a Chapter 7 debtor in several other respects.

---

[1] In his original and amended Schedules, the Debtor did disclose that he was the 100% owner of El Tres, an interest which he valued at $1.00. [Case No. 04-42060, Docket Nos. 6 and 18.] However, the Debtor failed to disclose that the corporate charter of El Tres had been forfeited prior to the filing of the Debtor's bankruptcy petition, an event which gave the Debtor a beneficial interest in the assets of El Tres. The Debtor failed to schedule the assets of El Tres despite owning an interest in them. Further, in his original Statement of Financial Affairs and in his amended Statement of Financial Affairs, the Debtor only set forth that El Tres was in the oil and gas exploration business and that it had been in existence from "1984 to present."

11.  On April 28, 2006, the Debtor, citing to Federal Rule of Bankruptcy Procedure 8015, filed a Motion for Rehearing arguing that the assets of El Tres have never been held by the Debtor in his individual capacity; rather, legal and equitable title to the assets have always been vested in the corporation and therefore the Debtor should not have been required to list assets held by El Tres on his schedules. In addition, the Debtor notified the Court of his efforts to reinstate the corporate charter of El Tres. [Adversary No. 05-03296, Docket No. 53.]

12.  On May 9, 2006, the Trustee filed a Response to Debtor's Motion for Rehearing [Adversary No. 05-03296, Docket Nos. 54 and 55] arguing that the relief the Debtor seeks does not fall under Federal Rule of Bankruptcy Procedure 8015. The Trustee further asserts that the Debtor's Motion does not operate to toll the time period for appeal set out in Federal Rule of Bankruptcy Procedure 8002, and therefore the time to appeal the Order Denying Discharge expired May 1, 2006. The Trustee also argues that even if this Court were to find that the Debtor's Motion for Rehearing is a timely filed motion that tolls the time period for appeals, the Court should deny this Motion for the following reasons: (1) the Debtor has no authority to reinstate the corporate charter of El Tres, and the Trustee has not received notice of reinstatement, nor has he authorized it; (2) the act by the Debtor to reinstate the corporate charter deprives the bankruptcy estate of assets; and (3) even if the corporation's charter was reinstated, there would be no effect on the Order Denying Discharge because any action taken by the Debtor after the trial on the Objection to Discharge cannot change the facts as they existed on the date of the trial.

13.  On June 7, 2006, the Debtor filed a Reply to Response to Debtor's Motion for Rehearing arguing that the caption of the pleading does not constrain the Court's treatment of the

pleading and that relief should be determined by the substance of the pleading. Moreover, the Debtor strenuously argues that: (a) it was an error of law to hold that the assets of El Tres were the personal assets of the Debtor; and (b) therefore, the Motion for Rehearing that the Debtor filed should be granted. [Adversary No. 05-03296, Docket No. 62.]

### III.   CONCLUSIONS OF LAW

Although the Debtor's Motion for Rehearing was incorrectly brought pursuant to Federal Rule of Bankruptcy Procedure 8015, justice requires[2] the Court to treat the Debtor's motion as though it had the proper designation—which would be a motion for rehearing brought pursuant to Federal Rule of Bankruptcy Procedure 9023—and "examine its substance to determine how the motion is best characterized." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).[3]  Although the Court will treat the Debtor's motion as a timely motion filed pursuant to Federal Rule of Bankruptcy Procedure 9023, the Court denies the Debtor's Motion for Rehearing for the following reasons:

### A.  The Debtor has presented no new evidence.

Federal Rule of Bankruptcy Procedure 9023 adopts Federal Rule of Civil Procedure 59, which provides for a motion for a new trial or a motion to alter or amend judgment. FED. R. BANKR. P. 9023. "On a Rule 59 motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law, or make new findings and conclusions, and direct the entry of a new

---

[2] Federal Rule of Civil Procedure 8(f) states: "all pleadings shall be so construed as to do substantial justice." *In re Hubbard*, 333 B.R. 373, 376 (Bankr. S.D. Tex. 2005) (quoting FED. R. CIV. P. 8(f), FED. R. BANKR. P. 7008).

[3] In *North Alamo Water Supply Corp. v. City of San Juan*, the Fifth Circuit found that "[a]s a general matter, the caption on a pleading does not constrain the court's treatment of a pleading.  For example, Rule 8(f) instructs district courts to construe all pleadings so as to do substantial justice, while Rule 8(c) counsels that when a party mistakenly designates a defense as a counter-claim or visa-versa the court shall, if justice so requires, treat the pleading as though it had the proper designation. Thus, the district court could construe the motion as a Rule 59(e) motion so long as the requirements of Rule 59(e) are met." *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 918 (5th Cir. 1996).

judgment."[4] FED. R. CIV. P. 59.  However, a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Indep. Coca-Cola Employees' Union of Lake Charles v. Coca-Cola Bottling Co. United, Inc.*, 2004 U.S. App. LEXIS 23701, at *16 (5th Cir. 2004) (citations omitted).

The Fifth Circuit has established a test that determines whether newly discovered evidence warrants a new trial: "(1) the probability that the evidence would have changed the outcome of the trial; (2) whether the evidence could have been discovered earlier through the moving party's due diligence; and (3) whether the evidence is merely cumulative or impeaching." *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1284 (5th Cir. 2000).  Applying this test, the court in *Advanced Display Systems, Inc.* granted a new trial when the appellant presented "new evidence [consisting of withheld deposition testimony] that was potentially outcome determinative on the issue of obviousness." *Id.* at 1285-86.  In other instances, the Fifth Circuit has affirmed a denial of a motion for new trial when the new evidence offered would not change the result of the original trial. *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995).  In the instant adversary proceeding, the Debtor filed his Motion for Rehearing within ten days after judgment;[5] therefore, his motion is considered under Federal Rule of Bankruptcy Procedure 9023.[6]  Yet, the Debtor has failed to provide the Court with a single piece of evidence providing grounds for a new trial; for example, no affidavit was attached to the Debtor's Motion for Rehearing, nor did the Debtor even attach any documents that might

---

[4] "The Fifth Circuit, in addressing the issue of new trial, has stated: "The grant or refusal of a motion for a new trial is a matter resting in the sound discretion of the trial court, and its action is subject to review only for such clear abuse of discretion as amounts to an error of law.*" Stewart v. Tex. & Pac. Ry. Co.*, 278 F.2d 676, 678 (5th Cir. 1960).

[5] The Order Denying Discharge was entered on April 18, 2006. The Debtor filed his Motion for Rehearing on April 28, 2006.

[6] The Fifth Circuit held that a motion to reconsider, brought before the expiration of the 10-day time to appeal, is more properly treated as a Federal Rule of Bankruptcy Procedure 9023 motion which tolls the ten-day period for appeals. *In re Aguilar*, 861 F.2d 873, 875 (5th Cir. 1988).

be considered new evidence. Accordingly, the Debtor fails to meet the Fifth Circuit's newly discovered evidence test required for motions for rehearing.[7]

### B. The debtor lacks authority to reinstate the corporate charter.

In the alternative, even if the Debtor did provide new evidence supporting grounds for a new trial—which presumably would be proof of reinstatement of the corporate charter of El Tres—the Debtor does not have the authority to reinstate this charter. Filing for bankruptcy creates an estate pursuant to 11 U.S.C. § 541, and according to 11 U.S.C. § 554, "a pre-petition asset must be properly scheduled in order to pass to the Chapter 7 debtor through abandonment upon Chapter 7 discharge." *Kagan v. Swider*, No. 99-1503, 2000 U.S. Dist. LEXIS 1542, at *5 (E.D. La. Feb. 11, 2000). And, under "11 U.S.C. § 554(c) and (d), any asset not scheduled pursuant to 11 U.S.C. § 521(1) is not deemed abandoned and remains property of the estate and the debtor loses all rights to enforce it under his own name" and only the bankruptcy trustee has the authority to control them.[8] *Kagan*, 2000 U.S. Dist. LEXIS 1542, at *14) (quoting *Mindlin v. Drexel Burnham Lambert Group,* 160 B.R. 508, 514 (S.D.N.Y. 1993); *see also, Cundiff v. Cundiff (In re Cundiff)*, 227 B.R. 476, 478 (B.A.P. 6th Cir. 1998).

In the proceeding at bar, prior to filing for bankruptcy, the Debtor owned 100% of the outstanding stock of El Tres. On August 23, 2003, the Secretary of State declared El Tres a

---

[7] It is also worth emphasizing that this Court thoroughly reviewed and considered the evidence, testimony, exhibits, and arguments presented at trial and concluded that the assets of the unchartered entity known as El Tres were the personal assets of the Debtor and, therefore, the Debtor was required to list all of the assets on his schedules pursuant to 11 U.S.C. § 521. The undersigned judge made the following legal conclusion at the April 6, 2006 hearing when announcing the ruling on the Trustee's objection to discharge: "No question that the definition of property of bankruptcy estate, under 11 U.S.C. § 541 is a very broad definition and includes beneficial interests title of assets, and I think that there is no doubt that the definition of property of the estate is sufficiently broad that the Debtor's beneficial title to the assets of El Tres fall within the property of the estate; so, based upon that conclusion of law, I conclude that the assets of the corporation should have been scheduled." Hearing on Trustee's Objection to Debtor's Discharge (April 6, 2006).

[8] In *Kagan*, the court held that Kagan's employment contract became an asset of the Chapter 7 estate because he did not schedule the contract as an asset; thus, it was not abandoned upon his discharge in the Chapter 7 proceeding and the contract remained the property of his Chapter 7 bankruptcy estate, with only the Chapter 7 trustee having standing to enforce the employment contract. *Kagan,* 2000 U.S. Dist. LEXIS 1542, at *2.

forfeited entity for failure to pay franchise taxes. With respect to a corporation whose charter has been forfeited, the stockholders retain the beneficial interest in the assets of the corporation. *Perry v. Dearing* (*In re Perry*), 345 F.3d 303, 313-14 (5th Cir. 2003). At the trial on the Objection to Discharge, this Court held that since the Debtor was a shareholder of El Tres, he had a beneficial interest; and therefore, once the Debtor filed for Chapter 7, the Trustee had a right to know about the Debtor's beneficial interest. [9] The assets of El Tres were not listed on the Debtor's Schedules, and therefore these assets could not have been abandoned by the Trustee. Accordingly, the Debtor does not have the authority to reinstate the corporate charter because the bankruptcy estate retained the unscheduled assets and only the Trustee has the right to take any such action to reinstate.

Furthermore, the unauthorized attempt by the Debtor to reinstate the corporate charter deprives the bankruptcy estate of assets.[10] The listing of assets required by 11 U.S.C. § 521 "provides the Trustee and other parties in interest with an opportunity to make timely and informed decisions on behalf of the estate concerning the debtor's property." *Kagan*, 2000 U.S. Dist. LEXIS 1542, at *15. A Debtor "cannot be allowed to defraud his creditors by consciously omitting reference to claims in his own bankruptcy, and then, upon emerging from bankruptcy, attempting to reclaim them." *Mindlin v. Drexel Burnham Lambert Group*, 160 B.R. 508, 514 (S.D.N.Y. 1993). Since the Debtor failed to list the assets of El Tres, in addition to his effort to reinstate the corporation, the Debtor has prevented the Trustee from doing his job and fulfilling

---

[9] In *Autry v. Porobil*, the court held that nondisclosure of assets barred discharge when the debtor owned 100% of the stock of a corporation and there was no evidence that the corporation was dissolved, although the corporation had ceased operations and remained out of business until the debtor filed for bankruptcy. No. 98-288, 1998 U.S. Dist. LEXIS 10583, at *5 (E.D. La. July 14, 1998).

[10] The Debtor failed to notify or disclose to the Trustee that he was attempting to reinstate the corporate charter of El Tres. The Trustee has never authorized the Debtor to take such action (Trustee's Response, Page 2, Paragraph 4 A).

his duty to the creditors and "should not be allowed to use the [Bankruptcy] Code as a sword and a shield." Hearing on Trustee's Objection to Debtor's Discharge (April 6, 2006).

### C. In determining whether to grant or deny the Debtor's discharge, the Court considers facts as of the trial date.

In the alternative, even if the Debtor could reinstate the corporate charter, there would be no effect on the Order Denying Discharge because this order is based upon the findings of fact and conclusions of law as they were through the date of the trial; and no action that the Debtor thereafter takes can change the facts as they previously existed. A false statement or omission in a debtor's schedules is sufficient to justify the denial of discharge. *In re Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992). In *In re Sholdra*, the court denied discharge because of the Debtor's false oath when he filed his schedules and statement of financial affairs. *Sholdra v. Chilmark Fin. LLP* (*In re Sholdra*), 249 F.3d 380, 382-83 (5th Cir. 2001). The debtor argued that his amended schedules and statement of financial affairs created genuine issues of material fact for a new trial. *Id.* The court disagreed and held that the amended schedules and amended statement of financial affairs failed to negate the fact that the debtor knowingly made false oaths on his original schedules and original statement of financial affairs. *Id.*

In the adversary proceeding at bar, the reinstatement of the corporate charter of El Tres would not affect the Court's previous determination that the Debtor knowingly made false statements on both his original and amended Schedules.[11] If this Court changed its ruling based on the Debtor's post trial reinstatement of the corporate charter, this Court would be sending a message that there would be no consequences to any debtor for failure to make proper disclosure

---

[11] "[A] discharge may not be denied when items are omitted by honest mistake … however, … the existence of more than one falsehood, together with [the debtor's] failure to clear up all inconsistencies and omissions when he filed his amended schedules, constitute reckless indifference to the truth and, therefore, the requisite intent to deceive." *In re Beaubouef*, 966 F.2d at 178.

9

so long as after such failure is discovered, the debtor then proceeds to make the required disclosure. This Court refuses to send such a message.

It must also be remembered that the Court not only found that the Debtor had failed to schedule the assets of El Tres, but also found that the Debtor had recklessly disregarded his duties as a Chapter 7 debtor in several other respects. Specifically, this Court found that the Debtor had also failed to list property held by other persons, failed to list income from 2004, failed to produce documents, and failed to disclose the sale the Wicape oil and gas interest.[12] Accordingly, even if the Debtor did reinstate the corporate charter and this Court then found that the Debtor was not required to list the assets of El Tres on his schedules, the Debtor still recklessly disregarded his duties in a sufficient number of other respects that this Court would still deny his discharge.

## IV. CONCLUSION

The Debtor asserts that he is entitled to a new trial under Federal Rule of Civil Procedure 59(e). After review and consideration, this Court has concluded, and so holds, that the Motion for Rehearing was timely filed, but that the Debtor (1) lacks new evidence required for a new trial, (2) lacks authority to reinstate the corporate charter of El Tres, (3) would deprive the bankruptcy estate of assets if allowed to reinstate the charter, and (4) cannot disturb the Order Denying Discharge even if the corporate charter of El Tres were reinstated. For all of these reasons, the Debtor's Motion for Rehearing is denied.

---

[12] The Debtor sold the Wicape interest, post petition, on behalf of El Tres on October 24, 2004. The Debtor failed to disclose the sale or receive approval from the Trustee or the Court. The sale of the Wicape interest should have been disclosed by the Debtor because (1) the Trustee had a beneficial interest in Wicape and only the Trustee had the right to sell that asset because it was part of the Chapter 7 estate, and (2) the sale was not made in the ordinary course of business since El Tres was insolvent and business had ceased at the time of the sale. Hearing on Trustee's Objection to Debtor's Discharge (April 6, 2006).

An order denying the Debtor's Motion for Rehearing will be entered on the docket simultaneously with this Memorandum Opinion.

SIGNED this 30th day of June, 2006.

Jeff Bohm
U.S. Bankruptcy Judge